

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

May 17, 2022

<u>Via ECF</u>
The Honorable District Judge Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: **<u>Fajardo v. Ourem Iron Works, Inc., *et. al.*</u>**
    **Civil Docket No.: 21-cv-6978 (NSR)**

Dear Judge Roman:

Our office represents Julio Fajardo ("Fajardo" or "Plaintiff") and we submit this motion jointly with counsel for Ourem Iron Works, Inc. ("Ourem") and Arthur Vieira, Sr. (collectively, the "Defendants") requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached following a Court-annexed mediation on April 22, 2022.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms, as well as Plaintiffs' counsel's requested attorneys' fees, and respectfully request that the Court approve the Settlement Agreement and dismiss this case with prejudice.

## I.   <u>The Monetary Terms of the Settlement Agreement are Fair and Reasonable</u>

### a.   The Settlement Amount

Plaintiffs and Defendants agreed to resolve all claims asserted in this action, including Plaintiffs' counsel's attorneys' fees (which are addressed below), for the amount of $20,000.00, payable within 14 days of Court approval of the Settlement Agreement.

### b. Plaintiffs' Position

Plaintiff brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiff alleged that he was not paid proper overtime rates of pay when required to work in excess of 40 hours per week.

As the Complaint in this action was filed in August 2021, the relevant statutory period for Plaintiff's wage-and-hour claims under the NYLL's six-year statutory period commenced in August 2015.

In the Complaint, Plaintiff alleged that he was employed by Defendants from in or around 1997 until in or around February 2019. As such, the relevant statutory period in this matter was from August 2015 until February 2019.

Plaintiff was employed by Defendants as a fabricator and iron worker at Defendants' shop located at 498 East Nepperhan Avenue, Yonkers, New York 10701. During the relevant statutory period, Plaintiff alleged that he regularly worked approximately sixty (60) hours per week. However, Plaintiff further alleged that he was paid the same regular hourly rate of $35.00 per hour for all hours worked. Thus, Plaintiff claimed he was owed approximately twenty (20) hours of overtime per week at a rate of $17.50 per overtime hour.

In the parties' extensive negotiations and discussions with the Court-appointed mediator prior to the Court-annexed mediation, an issue arose as to the dates of Plaintiff's employment by the named Defendants. Although Plaintiff was employed at the same location and performing the same type of work, information and evidence was exchanged that showed that for the period of 2015 through 2017, Plaintiff was employed and compensated by a separate corporate entity, "Precision Steel on NY Inc." ("Precision") which was owned and operated by an individual named Marco Vivanco ("Vivanco") and not the named Defendants. Neither Precision nor Vivanco are parties to this lawsuit.[1]

Based on our review of this information and further discussions with our client, we believed that Plaintiff could have conceivably raised a claim that he was jointly employed by Precision and Ourem for the years of 2015 through 2017, but Plaintiff understood that this would be a very complicated, fact-specific allegation that would also require an amendment of the pleadings and protracted litigation over this issue. Based on all of the above, Plaintiff's preference was to resolve his claims against Ourem for the period of which the parties could agree that Ourem was Plaintiff's employer during the relevant statutory period – from in or around January 2018 until in around February 2019.

For this approximately one-year period, Defendants produced time and pay records for our review in advance of the mediation. Although Plaintiff maintained disputes as to the number of hours worked according to Defendants' records, Plaintiff's position was that the records generally

---

[1] Further, as such, Plaintiff does not release any claims against Precision or Vivanco for the period of 2015-2017 as a result of the Settlement Agreement in this action.

supported his claim that he worked in excess of 40 hours per week and was paid straight time for such overtime work performed.

Based on our week-by-week analysis of the records for this time period, we calculated that Plaintiff was owed approximately $6,262.00, not including Plaintiff's claim for liquidated damages or statutory penalties.

As a result, Plaintiff agreed to resolve this matter for the global amount of $20,000.00, which will allow him to recover approximately double his alleged unpaid wages for the period at issue after the requested attorneys' fees and reimbursement of expenses.

### c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $20,000.00. The parties believe that this amount is reasonable considering Plaintiff's claims and the records and defenses maintained by Defendants in this matter and the factual disputes that remained between the parties and would not have been resolved until the time of trial. Moreover, the settlement amount was only achieved through a Court-annexed mediation session before a Court-appointed mediator. The parties maintained *bona fide* disputes as to the period of Plaintiff's employment and as to the number of hours worked by Plaintiff. Settlement early in litigation avoids the time and costs associated with trying to resolve these disputes.

### II.   The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 7 of the Settlement Agreement ("Release") is appropriately-tailored to claims under the FLSA and NYLL and their related regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiff and Defendants, and the Release is not overbroad such that there is a concern that Plaintiff is releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiffs from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III. Distribution to Plaintiff and Requested Attorneys' Fees and Expenses

#### a. Distribution to Plaintiff

The parties agreed to a global settlement of $20,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiff will recover $12,960.00 after the requested attorneys' fees and expenses.

#### b. Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $560.00 for identifiable expenses, which include:

- the Southern District of New York filing fee in this matter: $402.00
- the costs of service of the Summons and Complaint on all Defendants: $158.00

Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($19,440.00), or $6,480.00 in attorneys' fees, as agreed upon in the Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $7,040.00. The settlement funds broken down into its component parts is as follows:

**Settlement Amount:** $20,000.00
**Attorneys' Expenses:** $560.00
**Net Settlement Amount:** $19,440.00 ($20,000.00 - $560.00)
**Requested Attorneys' Fees:** $6,480.00 ($19,440.00 / 3)
**Total payable to Attorneys:** $7,040.00 ($6,480.00 + $560.00)
**Total payable to Plaintiff:** $12,960.00 ($20,000.00 - $7,040.00)

Plaintiff's attorneys and their client have a retainer agreement that are reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207

(E.D.N.Y. Sept. 19, 2013).  Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiffs' counsel throughout the litigation of this matter and the recovery secured through their efforts. Plaintiffs' counsel has zealously advocated for their clients throughout the litigation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

### IV.     Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of back-and-forth negotiations between experienced counsel with the assistance of the Court-annexed mediation program. As such, we respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiffs' claims against the named Defendants with prejudice.

We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
/James O'Donnell, Esq.